[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16142

_____

D. C. Docket No. 05-00532-CV-CG-B

NELLINA L. LOFTON-TAYLOR,

Plaintiff-Appellant,

versus

VERIZON WIRELESS,

Defendant-Appellee,

EQUIFAX CREDIT INFORMATION SERVICES, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 23, 2008)**

Before EDMONDSON, Chief Judge, and CARNES and FAY, Circuit Judges.

PER CURIAM:

The facts of this case are undisputed. On September 19, 2003, Nellina L. Lofton-Taylor, the plaintiff, went to a Verizon Wireless store in Mobile, Alabama to pay the deposit on her husband's cell phone bill. She handed the Verizon employee a $165 check with a phone number written on it, and said that the check should be used to pay her husband's deposit. The Verizon employee said, "okay."

Later that day, Lofton-Taylor's husband called her and said that the deposit still had not been paid on his Verizon account. Lofton-Taylor realized that she had written the wrong phone number on the check she gave to the Verizon employee. She called the Verizon store and told the employee she had spoken with earlier that her check was made out to the wrong account and she needed to retrieve it. At the same time, Lofton-Taylor told her bank to stop payment on the check she gave to Verizon, and later she filled out a stop payment order.

Verizon deposited Lofton-Taylor's check and credited the account of the Verizon customer whose phone number was written on it. Because of the stop payment order, the check was later returned to Verizon marked, "NSF/Non Redepositable."

Verizon had an agreement with Certegy Check Services, Inc. The agreement provided that Verizon would seek pre-approval from Certegy for any check given to it by a customer. In exchange, if Certegy approved the check and it was later

returned for insufficient funds, then Certegy would pay Verizon for the amount of the check. Certegy would then institute collection proceedings against the issuer of the check. Because Certegy had approved Lofton-Taylor's check, Verizon sent it a copy of the returned check marked "NSF/Non Redepositable."

On February 18, 2004, Lofton-Taylor wrote a check to Dooney & Burke, Inc. The check was returned to her with a letter stating that it had been rejected "due to a Code 1 assessment from Certegy Check Services." On April 25, 2004, K-Mart declined to accept a check from Lofton-Taylor. Certegy's phone number was written on the back of the rejected K-Mart check. When Lofton-Taylor called that phone number, she was told by a Certegy representative that she owed Verizon $165 for the bounced check. The next day, Lofton-Taylor wrote Verizon a letter asking it to remove any negative matters about her from its records.

On May 3, 2004, Lofton-Taylor again tendered a check to K-Mart that was rejected. The back of her returned check again informed her that she should call Certegy for more information.

Lofton-Taylor then sued Verizon for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and her complaint also included state law defamation and invasion of privacy claims.[1] Her complaint alleged that Verizon knew she did not

---

[1] Lofton-Taylor also included Certegy, Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. in her lawsuit, but she voluntarily dismissed

owe it any money, but still willfully reported that she did to Certegy, which used the false information to prevent her from writing checks to pay for goods and services.

Verizon moved for summary judgment. As to Lofton-Taylor's Fair Credit Reporting Act claim, Verizon contended that she had not presented any evidence that it had reported the fact that her September 19, 2003 check was returned for insufficient funds to a credit agency. As to the state law claims, Verizon contended that they were preempted by the Fair Credit Reporting Act.

The district court granted summary judgment to Verizon on all of Lofton-Taylor's claims. She does not contend that the district court erred in granting judgment against her insofar as her Fair Credit Reporting Act claim is concerned, so we will not address it. See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1263 (11th Cir. 2004).

As to Lofton-Taylor's defamation and invasion of privacy claims, the district court agreed with Verizon that they were preempted by the Fair Credit Reporting Act. Lofton-Taylor does contest that part of the judgment.

The Fair Credit Reporting Act provides:

no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the

_____

those defendants. Verizon is the only defendant remaining.

reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). The quoted provision means that where a company furnishes credit information about a consumer to a credit reporting agency pursuant to the Fair Credit Reporting Act, the company furnishing the information is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer. See Hood v. Dun & Bradstreet, Inc., 486 F.2d 25, 32 (5th Cir. 1973) ("Furthermore, the Act does not preclude an action at common law except where information that would give rise to a cause of action is obtained by the complainant pursuant to the provisions of the Act.").

The parties do not dispute: (1) that Verizon is a furnisher of information under the Fair Credit Reporting Act; (2) that Certegy is a consumer reporting agency; and (3) that Verizon was authorized by the Act to provide information about Lofton-Taylor's check to Certegy. The only question on appeal is whether there is a genuine issue of material fact that the information Verizon furnished to Certegy about Lofton-Taylor's check was false and also was made with malice or willful intent to injure Lofton-Taylor. If there is a genuine issue of material fact about that, summary judgment against the invasion of privacy and defamation

5

claims cannot be granted on § 1681h(e) grounds.  If there is no genuine issue of material fact about that, then summary judgment was properly granted in light of § 1681h(e).

Lofton-Taylor's state law claims against Verizon are based solely on the information Verizon communicated to Certegy about her check.  All Verizon did was send Certegy the returned check on which the bank had stamped:  "NSF/Non Redepositable."  There is no evidence in the record that Verizon communicated anything else to Certegy about the check or Lofton-Taylor.  Therefore, all that Verizon told Certegy is that the check had been returned unpaid, with the "NSF/Non Redepositable" stamp on it.  There is no evidence that communication was false.  All the evidence indicates that it was true.  Cf. McCaig v. Talladega Publ'g Co., 544 So. 2d 875, 878–79 (Ala. 1989) (affirming summary judgment for defendant on plaintiff's defamation claim because "[t]he undisputed testimony of the parties indicates that facts set out in the article are in their most literal sense true"); Forrester v. WVTM TV, Inc., 709 So. 2d 23, 26 (Ala. Civ. App. 1997) (affirming summary judgment for defendant on plaintiff's defamation claim because "[t]he video and the reporters' corresponding explanations as to what occurred are true in their most literal sense").

Moreover, there is no evidence that the communication Verizon made was

6

done "with malice or willful intent to injure such consumer," in the terms of the statute. Instead, it was done by Verizon with the intent to collect the amount of its check from Certegy pursuant to their contract.

Section 1681h(e), by its terms, protects the truthful statements that furnishers of credit information make to reporting agencies from defamation and invasion of privacy claims by unhappy consumers. See 15 U.S.C. § 1681h(e). Because the statement made by Verizon to Certegy about Lofton-Taylor's check was not false, and also because there is no evidence it was made maliciously with intent to injure, Lofton-Taylor's state law defamation and invasion of privacy claims against Verizon are precluded by § 1681h(e) of the Fair Credit Reporting Act. As a result, we need not decide whether the preemption language in § 1681t(b)(1)(F) is broad enough to also preclude her claims.

AFFIRMED.